**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JACKIE D. JOHNSON                                                                                    PLAINTIFF

v.                                      No. 3:13CV00063 JLH

STATE OF ARKANSAS;
RANDOLPH COUNTY, ARKANSAS;
and CITY OF POCAHONTAS, ARKANSAS                                              DEFENDANTS

**ORDER**

Jackie D. Johnson has filed a pro se complaint against the State of Arkansas, Randolph County, and the City of Pocahontas, complaining of a roadblock conducted by law enforcement officers in the City of Pocahontas on the night of November 4, 2012, in which Johnson's vehicle was searched, allegedly without probable cause or warrant, and required to stop where it was in danger of being struck by ongoing traffic. The only defendant that has appeared is Randolph County.[1] Randolph County has filed a motion for judgment on the pleadings, to which Johnson has responded. For reasons that will be explained, the motion for judgment on the pleadings will be granted in part. Johnson's complaint fails to state a claim upon which relief may be granted against Randolph County, so the complaint against Randolph County will be dismissed without prejudice.

Generally, "a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). A complaint must contain "a short and plain statement of the claim showing that the

---

[1] Although Johnson has filed returns of service with respect to the State of Arkansas and the City of Pocahontas, it does not appear that either the State or the City has been validly served with summons and complaint. *See* Documents #3 and #5. Johnson is warned that his complaint against the State and the City may be dismissed if he fails to serve them with summons and complaint in accordance with the Federal Rules of Civil Procedure within 120 days after filing the complaint. *See* Fed. R. Civ. P. 4(m).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8(a)(2) does not require a complaint

to contain detailed factual allegations, it does require a plaintiff to state the grounds of his

entitlement to relief, which requires more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).  In ruling on a motion to

dismiss, the Court must accept as true all factual allegations in the complaint and review the

complaint to determine whether its allegations show that the pleader is entitled to relief.  *Schaaf v.*

*Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  All reasonable inferences from the

complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran*

*Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  The Court need not, however, accept as true legal

conclusions, even those stated as though they are factual allegations.  *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).  A pro se complaint must be liberally

construed, however inartfully worded, and "held to less stringent standards than formal pleadings

drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d

1081 (2007).

Johnson's complaint attempts to state claims for relief under two statutes.  First, he attempts

to allege that his constitutional rights were violated, so he seeks relief under 42 U.S.C. § 1983.

Second, he seeks relief for violations of the Racketeer Influenced and Corrupt Organizations Act, 18

U.S.C. §1961.[2]

A county may not be held vicariously liable under 42 U.S.C. § 1983 for the unconstitutional

acts of employees.  *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).  For a county to be

---

[2] Johnson also cites 18 U.S.C. § 2236, but that is a criminal statute that applies to officers, agents, and employees of the United States, not to officers employed by states, counties, or cities.

liable, a policy or custom of the county must have been the moving force behind the constitutional violation. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005); *Mettler*, 165 F.3d at 1204. "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler*, 165 F.3d at 1204. A single decision may reflect an official county policy "provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Buzek v. Cnty. of Saunders*, 972 F.2d 992, 996 (8th Cir. 1992). A custom exists when there has been a pattern of "persistent and widespread" unconstitutional practices that have become so "permanent and well settled" as to have the effect and force of law. *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 646 (8th Cir. 1990) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978)).

Here, Johnson's complaint makes no allegations to show that a moving force behind the actions about which he complains was a policy or custom of Randolph County. Therefore, he fails to state a claim upon which relief could be granted against Randolph County under 42 U.S.C. § 1983.

"To state a RICO claim, [Johnson] must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985)). "The pattern element 'requires at least two acts of racketeering activity.'" *Id.* (quoting 18 U.S.C. § 1961(5)). The term "racketeering activity" is defined to include violation of a larger number of criminal statutes, but unlawful search and seizure is not one of them. 18 U.S.C. § 1961(1). Johnson's complaint does not allege even one act of

3

racketeering activity, much less two, so the complaint fails to state a claim upon which relief may be granted under the RICO statute.

In addition to his claims under section 1983 and the RICO statute, Johnson alleges in one sentence that an unspecified state statute is unconstitutional because it requires the plaintiff to provide proof of his compliance of a law in violation of the principle that a person is innocent until proven guilty.  Johnson does allege that he was injured by the statute, and since he does not specify the statute, the Court cannot ascertain from the complaint any ground for concluding that he has been injured by it.  Thus, he fails to show that he has standing.  *United States v. Scott*, 627 F.3d 702, 705 (8th Cir. 2010) (a party seeking to challenge the constitutionality of a statute must show that he has been injured by the statute).

## CONCLUSION

Jackie D. Johnson fails to state a claim upon which relief may be granted against Randolph County, Arkansas.  Therefore, Randolph County's motion for judgment on the pleadings is granted in part.  Document #9.  While Randolph County requests that Johnson's complaint be dismissed with prejudice, the proper course of action would be to dismiss it without prejudice.  *Wisdom*, 167 F.3d at 409 ("parties should usually be given at least one chance to amend their complaint.").  Accordingly, Johnson's complaint against Randolph County, Arkansas, is dismissed without prejudice.

IT IS SO ORDERED this 2nd day of May, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

4