**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

JACKIE D. JOHNSON                                                                                          PLAINTIFF

v.                                            No. 3:13CV00063 JLH

STATE OF ARKANSAS;
RANDOLPH COUNTY, ARKANSAS;
and CITY OF POCAHONTAS, ARKANSAS                                                     DEFENDANTS

**OPINION AND ORDER**

Jackie D. Johnson has filed a pro se complaint against the State of Arkansas, Randolph County, and the City of Pocahontas, complaining of a roadblock conducted by law enforcement officers in the City of Pocahontas on the night of November 4, 2012, in which Johnson's vehicle was searched, allegedly without probable cause or warrant, and required to stop where it was in danger of being struck by ongoing traffic. He also has filed an amended complaint in which he additionally alleges that he was issued a citation for lack of proof of insurance by an unnamed officer who never asked whether he had proof. He further alleges that the requirement that he pay a fine or appear in court on a particular date was extortion because the defendants knew that it would be cheaper to pay the ticket than to appear.

Johnson's initial complaint against Randolph County was previously dismissed. Document #19. It is not clear whether Johnson's amended complaint intends to state a claim against Randolph County; if so, it fails to correct the deficiencies in the initial complaint.

The State of Arkansas has moved to dismiss on the ground that Johnson's claims against it are barred by sovereign immunity. Johnson has not responded. The State's motion is therefore GRANTED. Document #35.

The City of Pocahontas has moved to dismiss Johnson's claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Johnson's complaint fails to state a claim upon which relief may be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A pro se complaint must be liberally construed, however inartfully worded, and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). "It is well established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). The Court will, therefore, analyze Johnson's amended complaint to ascertain whether it states a claim upon which relief may be granted.

Johnson's amended complaint attempts to state a claim for relief under 42 U.S.C. § 1983.[1] A city or county may not be held vicariously liable under 42 U.S.C. § 1983 for the unconstitutional acts of employees. *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). For a city or county to be liable, a policy or custom of the city or county must have been the moving force behind the constitutional violation. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005); *Mettler*, 165 F.3d at 1204. "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler*, 165 F.3d at 1204. A single decision may reflect an official county policy "provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Buzek v. Cnty. of Saunders*, 972 F.2d 992, 996 (8th Cir. 1992). A custom exists when there has been a pattern of "persistent and widespread" unconstitutional practices that have become so "permanent and well settled" as to have the effect and force of law. *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 646 (8th Cir. 1990) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978)).

With respect to the stop, Johnson's amended complaint specifies no policy or custom of Randolph County or the City of Pocahontas that was the moving force behind the actions about which he complains. Rather, he alleges only the conclusion that the officers acted pursuant to the policy and direction of the three defendants – the State, the County, and the City – which is

---

[1] In the amended complaint, Johnson also cites 42 U.S.C. § 2236, but that appears to be a scrivener's error. Apparently, he intended to cite 18 U.S.C. § 2236, which is a criminal statute that applies to officers, agents, and employees of the United States, not to officers employed by states, counties, or cities. Johnson's original complaint sought relief under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, but he omitted that claim from the amended complaint.

3

insufficient. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (plaintiff's obligation to provide grounds of entitlement to relief requires more than labels and conclusions); *Chambers v. St. Louis County*, 27 Fed. Appx. 846, 848 (8th Cir. 2007) (speculative allegations about an apparent policy to condone police brutality were merely conclusory). Aside from the stop, Johnson alleges that the requirement that he pay the fine or appear in court pursuant to the citation is extortion, but that is not only a legal conclusion, it is also false.

Johnson fails to state a claim upon which relief could be granted against Randolph County or the City of Pocahontas under 42 U.S.C. § 1983.

## CONCLUSION

Jackie D. Johnson fails to state a claim upon which relief may be granted against Randolph County, Arkansas, and the City of Pocahontas. Johnson's claims against Randolph County, Arkansas, and the City of Pocahontas are dismissed without prejudice. Because the State of Arkansas is entitled to sovereign immunity, Johnson's claims against the State are dismissed with prejudice.

IT IS SO ORDERED this 31st day of July, 2013.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE